IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MILLEDGE, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 07-4128 |
| CHASE BANK, USA, N.A., GLENN RANDALL, : | |
| LEXINGTON & CONCORD SEARCH AND : | |
| ABSTRACT, LLC, and JONATHA N GANZ, : | |
| Defendants. : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **NOVEMBER 26, 2007**

Plaintiff Mary Milledge ("Milledge") has filed a Complaint against various Defendants including Chase Bank, USA, N.A. ("Chase") for alleged violations in connection with a home improvement loan she obtained to pay for home renovations. Presently before this Court is Chase's Motion to Dismiss several of the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Motion is granted in part and denied in part.

I.   BACKGROUND

Milledge is a homeowner in Philadelphia who wanted to remodel parts of her home. After seeing a flyer for the Philadelphia Home Improvement Outreach Program ("PHIOP"), she contacted the company and scheduled an on-site visit at her house. Calvin Harris from PHIOP came to her home to give her an estimate. He drew up an invoice for the work she wanted done in her kitchen, bathroom, and living room, stating a cost to her of $57,800. Harris advised Milledge that PHIOP would arrange the financing for the work. Without her knowledge, Harris

contacted Defendant Jonathan Ganz ("Ganz"), a mortgage broker at Bryn Mawr Mortgage, to obtain financing for the improvements to her home. Harris collected Milledge's relevant financial information, and processed her loan application via Ganz. Milledge alleges that an employee of Chase instructed Ganz to title the loan as a cash out refinancing instead of as a home improvement loan to gain approval from Chase's underwriting department.

On or about January 11, 2006, Milledge obtained a loan for $63,500, which Harris closed for her at her home. Milledge signed all the loan documents. Defendant Lexington & Concord Search and Abstract, LLC ("Lexington") acted as the settlement agent for this loan. Lexington delivered a cash disbursement check for $59,000 to Harris after the closing. The check was made payable to PHIOP and Milledge as alternate payees, which Milledge alleges was contrary to the settlement sheet. This enabled Harris to cash the check without Milledge's endorsement. Harris cashed the check, and he began work on the house. However, the work has not been completed, and what was done is not in line with the specifications on the invoice from PHIOP. Milledge claims that she received neither the money she borrowed from Chase, nor the benefit of the work she bargained for with PHIOP. Thus, she believes that the monthly payments she makes to Chase as repayments for a loan she received no benefit from are unwarranted.

Milledge commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on February 9, 2007. She filed a First Amended Complaint in that same court on September 5, 2007. Defendants Lexington and Glenn Randall filed a Notice of Removal on October 2, 2007, which brought this action before this Court. Chase filed a Motion pursuant to Fed. R. Civ. P. 12(b)(6) on October 15, 2007, seeking dismissal of three of the claims against it. Milledge has not filed a response to the Motion, but instead has chosen to file a Second Amended

Complaint addressing the issues raised by Chase. The Second Amended Complaint, filed on October 29, 2007, alleges five claims against Chase.[1] Only three of those claims are relevant here. In Count I, Chase is alleged to have violated the Truth in Lending Act ("TILA). Count II states that Chase acted in violation of Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL") and its Home Improvement Finance Act ("HIFA"). Lastly, Count V alleges a breach of contract.

## I.  STANDARD OF REVIEW

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985). In considering dismissal, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

## III.  DISCUSSION

### A.  Truth in Lending Act claim

---

[1] This Court assumes that the Second Amended Complaint submitted by Milledge was in accord with her right under Fed. R. Civ. P. 15(a) to amend "once as a matter of course" as Chase has not yet filed a responsive pleading in this matter. It is of no import that Lexington and Randall filed an answer, as the amended pleading is directed solely to allegations against Chase. See Boyd v. D. C., 465 F. Supp. 2d 1, 2-3 (D. D.C. 2006). This Court will address Chase's Motion in the context of the Second Amended Complaint.

"[T]he congressionally stated purpose of TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to [her].'" Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898 (3d Cir. 1990) (citing 15 U.S.C. § 1601(a)).  TILA is a remedial statute which was designed to put the consumer on an equal footing with the lender.  Id.  The act achieves its goal through a strict liability system that imposes damages on lenders who fail to provide the material disclosures and tell consumers about their right to rescind.  Id.

Lenders are required to provide consumers with mandatory disclosures of the material terms of borrowing agreements, and provide borrowers with a notice of their right to rescind the loan.  "[T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required  . . . , whichever is later[.]" 15 U.S.C. § 1635(a).  "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation[.]" 12 C.F.R. § 226.23(a)(3).

One of the material disclosures that creditors are required to make is the finance charge applied to a loan, and this figure must appear clearly and conspicuously on the documents for that loan.  15 U.S.C. § 1632(a).  The amount of the finance charge is "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit."  15 U.S.C. § 1605(a).  The act provides examples of finance charges which include: "[i]nterest, time price differential, and any amount payable under a point, discount, or other system of additional charges."  15 U.S.C. §

1605(a)(1). The statutory language does not state that the principal amount of credit extended should be considered a finance charge.

Milledge alleges that Chase failed to properly disclose the finance charges applicable to this mortgage loan because it did not include the amount of credit extended to her in the figure. She claims that the entire amount of the loan falls under the TILA definition of "finance charge" in 15 U.S.C. § 1605(a) because she has to repay $63,500 directly to Chase as an incident to the extension of credit. (2d Am. Compl. ¶¶ 22, 25.) However, her claim denies that any extension of credit was made, as she contends that $59,000 was "stolen" by Harris and is a finance charge in addition to the "balance of $4,000+ settlement charges" imposed on the loan. (2d Am. Compl. ¶¶ 22, 23.)

Milledge states that she contracted for renovations costing $57,800 with PHIOP, and the reasonable inference deduced from this statement is that the $59,000 check represented the loan principal. (2d Am. Compl. ¶ 11.) Thus, the $59,000 was an extension of credit, as it is roughly equal to the cost of the renovations. It is irrational to classify this amount as both an extension of credit and a finance charge incident to that credit. Milledge's contention, if read literally, is that she borrowed nothing, but must repay Chase $63,500 in finance charges anyway. "There [must] exist some tying relationship between the imposition of a charge and the extension of credit for . . . a charge to constitute a 'finance charge.'" Mondik v. Disimo, 386 F. Supp. 537, 538 (W.D. Pa. 1974). Here, there is no such relationship. Milledge merely alleges that the extension of credit does double duty as a finance charge.

Milledge's claim has no basis in the statutory language. The fact that these funds may have been "stolen" by Harris does not transform an extension of credit into a finance charge. No

5

case law has been presented by either party which would suggest that any court has ever found that the principal amount of a loan can and should be categorized as a finance charge. While the courts have found that the language "incident to the extension of credit" is broad, they have not found that it is unlimited. Smith, 898 F.2d at 906. Milledge's claim would stretch the idea of "incident to the extension of credit" to an absurd end. As such, her claim is dismissed to the extent it alleges a violation of TILA for not disclosing the principal amount of the loan as a finance charge.

**B.    HIFA and UTPCPL claims[2]**

The HIFA is a consumer protection statute governing home improvement installment contracts performed in the Commonwealth of Pennsylvania. Under the statute, lenders are not allowed to combine cash loans with home improvement installment contracts. 73 Pa. Cons. Stat. § 500-408. Milledge alleges that Chase has violated the HIFA. She states that the loan she obtained from Chase constitutes a home improvement installment contract under the definition in 73 Pa. Cons. Stat. § 500-102. (2d Am. Compl. ¶ 35, 36.) Thus, Chase is liable for the actions of Harris, in misrepresenting the character of this loan, because his action can be imputed to Chase via 73 Pa. Cons. Stat. § 500-405. (2d Am. Compl. ¶ 37, 38, 39, 40.) Chase believes that this Court must dismiss the HIFA claim because application of this Pennsylvania statute is preempted by the National Bank Act, which applies to national banks like Chase.

National banking institutions "may make, arrange, purchase, or sell loans or extensions of

---

[2] While this memorandum addresses the allegations as contained in the Second Amended Complaint, this Court finds that its decision would be the same even if it were addressing the allegations as presented in the First Amended Complaint, as the claims presented are identical. The only differences are in respect to the ordering of the counts and the statements included under each claim.

credit secured by liens on interests in real estate, subject to 1828*(o)* of this title and such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order." 12 U.S.C. § 371 (italics in original). "Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks." 12 C.F.R. § 34.4(a). "[A] national bank may make real estate loans under 12 U.S.C. § 371 and § 34.3, without regard to state law limitations concerning: . . . (4) [t]he terms of credit, . . . (5) [t]he aggregate amount of funds that may be loaned upon the security of real estate; [and] . . . (11) [d]isbursements and repayments . . . ." Id.

Pennsylvania's statute states that "[n]o cash loan shall directly or indirectly be included in or combined or consolidated with any home improvement installment contract or with any extension, deferment, refinancing, add-on or consolidation agreement pertaining thereto." 73 Pa. Cons. Stat. § 500-408. This statute obstructs and impairs national banks from fully exercising their right to make loans secured by liens on real estate, and clearly falls under the federal regulation's broad preemption of state laws. See Johnson v. Chase Manhattan Bank, USA N.A., No. 07-526, 2007 WL 2033833, at *6 (E.D. Pa. July 11, 2007). For this reason, Count II will be dismissed to the extent that it alleges that Chase has violated the HIFA.

Milledge also claims that Chase has violated the UTPCPL by instructing Harris to label the loan a cash out refinancing. She alleges that one of Chase's employees instructed Harris to include this misrepresentation so that the loan would be approved. (2d Am. Compl. ¶ 19.) The claim does not specify which particular clause of § 201-2(4) Chase violated, but the catch-all provision which prohibits "[e]ngaging in any other fraudulent conduct which creates a likelihood

of confusion or misunderstanding[,]" would encompass Milledge's claim. 73 Pa. Cons. Stat. § 201-2(4)(xvii). Chase believes that this claim must be dismissed because Milledge has not pled fraud with the particularity required under Fed. R. Civ. P. 9(b). It argues that no statements were made to Milledge by its employees, and further claims that misrepresentations made by Harris cannot be attributed to it because Milledge has not given facts sufficient to show an agency relationship.

"To establish a valid cause of action under the UTPCPL for unfair or deceptive acts or practices, a plaintiff must plead those acts or practices with the same specificity as common law fraud." Gilmour v. Bohmueller, 2005 U.S. Dist. LEXIS 1611, at *33 (E.D. Pa. Jan. 27, 2005). Milledge has stated that Chase instructed Harris and Ganz in the manner in which the loan should be submitted to pass muster in its underwriting area, and this classification was not in line with the true purpose of the loan. (2d Am. Compl. ¶ 40.) Her pleading will survive this Motion to Dismiss as her claim is particular in regard to the misrepresentation as required under Fed. R. Civ. P. 9(b). Regarding the agency relationship, the Third Circuit has held that "discovery is necessary when an agency relationship is alleged[.]" Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 F. App'x 803, 808 (3d Cir. 2003) (citing Canavan v. Beneficial Fin. Corp., 553 F.2d 860, 865 (3d Cir. 1977)). Thus, Plaintiff's claim under the UTPCPL cannot be dismissed at this stage of the litigation.

**C.     Breach of contract claim**

In Pennsylvania, a plaintiff must support her claim for breach of contract by showing the existence of a contract, a breach of a duty imposed by the contract, and the resultant damages. See Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 580 (Pa. Super. Ct. 2003). Chase argues

that Milledge has failed to state a breach of contract claim.  However, Milledge states in her Complaint that she and Chase entered into a loan agreement, Chase delivered funds to a party other than her in breach of that agreement, and she is obligated to repay a loan from which she has received no benefit.  (2d Am. Compl. ¶¶ 52, 53.)  Milledge has sufficiently alleged a claim for breach of contract, and dismissal at this stage of the litigation would be inappropriate.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MILLEDGE, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 07-4128 |
| CHASE BANK, USA, N.A., GLENN RANDALL, : | |
| LEXINGTON & CONCORD SEARCH AND : | |
| ABSTRACT, LLC, and JONATHON GANZ, : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this   26th   day of November, 2007, upon consideration of Defendant Chase's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 9) and the response thereto, it is hereby **ORDERED** that:

1. Count I of the Second Amended Complaint is **DISMISSED** to the extent that it alleges a violation of 15 U.S.C. §§ 1601–1693, the Truth in Lending Act, for Chase's failure to disclose the principal of the loan as a finance charge;

2. Count II is **DISMISSED** to the extent that it alleges a violation of the 73 Pa. Con. Stat. §§ 500-101–500-602, the Home Improvement Financing Act, but is **DENIED** is all other respects; and

3. The Motion is **DENIED** with respect to Count V.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE